| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
| | Acting United States Attorney |
| 2 | JUSTIN L. LEE |
| | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
| | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff |
| | United States of America |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00044-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MICHAEL DO, | DATE: May 13, 2021 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on May 13, 2021.

2. By this stipulation, the defendant now moves to continue the status conference to July 29, 2021, at 9:30 a.m., and to exclude time between May 13, 2021, and July 29, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 14,000 pages and several hours of recorded telephone

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

conversations.  All of this discovery has been produced directly to counsel.

  b) Defense counsel desires additional time to review the discovery, conduct research into the case, to discuss the case with her client, and otherwise prepare for trial in this matter.

  c) Defense counsel filed a motion to suppress on September 27, 2019.  On October 18, 2019, the United States filed an opposition.  The defendant filed a reply on February 19, 2020.  The Court denied the motion February 27, 2020.

  d) The parties anticipate presenting a plea agreement or setting the matter for trial at the next scheduled status hearing.

  e) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f) The government does not object to the continuance.

  g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 13, 2021, to July 29, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 11, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: May 11, 2021

/s/ SHARI RUSK
SHARI RUSK
Counsel for Defendant
MICHAEL DO

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 11th day of May, 2021.

Troy L. Nunley
United States District Judge